# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY S.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | No. 23-CV-4030-CJW-MAR <br><br><br> **ORDER** |

## I.  INTRODUCTION

This case is before the Court on an August 27, 2024 Report and Recommendation ("R&R") filed by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 17).  Judge Roberts recommends the Court affirm the Commissioner's denial of claimant's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 United States Code, Sections 401–434 and for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. Sections 1381-85.  Neither party has objected to the R&R.  The deadline for such objections has expired.  For the reasons stated below, the Court **accepts** Judge Roberts' R&R (Doc. 17) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citing *Turely v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum.*

*Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Roberts accurately summarized the pertinent facts and procedural history of this case. (Doc. 17, at 1-7). In short, claimant alleged he became disabled in 2016 due to right hand, right shoulder, right knee, and right foot problems, along with "bipolar depression," lower back pain, allergies, anxiety and attention deficit hyperactivity disorder ("ADHD"). (AR 409). A Social Security Administrative Law Judge ("ALJ") found claimant suffered from the following severe impairments: degenerative changes in his lumbar spine, residuals of bilateral finger injuries, obesity, bipolar disorder, ADHD, and anxiety disorder. (AR

4

22).  The ALJ found claimant's substance abuse disorder was non-severe.  (*Id.*).  The ALJ found claimant's knee and foot pain and PTSD and adjustment disorder were not medically-determinable impairments.  (*Id.*, at 22-23).  Despite the severe impairments claimant suffered, the ALJ found he could still perform light work, also known as a residual functional capacity ("RFC"), and that there were jobs available in the national economy he could perform such that he was not disabled from working.  (*Id.*, at 25, 32-33).

## IV. DISCUSSION

Claimant argued the ALJ erred "by failing to incorporate all the limitations from the prior administrative medical findings of Myrna Tashner, Ed.D, and Tiffany Iskander, Ph.D., in the residual functional capacity."  (Doc. 13, at 9).  Claimant argues these experts support his assertion that his deficits in the ability to perform at a consistent pace should have resulted an RFC limitation tied to the need for unscheduled breaks, absenteeism, and not being on task that would make him unemployable.  (*Id.*, at 12-15).

Judge Roberts thoroughly reviewed the medical evidence, including records pertaining to Tashner and Iskander.  (Doc. 17, at 11-12).  Judge Roberts pointed out that the ALJ recognized that the medical limitations Dr. Tashner found are not the same thing as a residual functional capacity assessment.  (*Id.*, at 12-13).  Judge Roberts then summarized the ALJ's analysis of claimant's limitations and his RFC.  (*Id.*, at 13-18).  Having reviewed the entire record, Judge Roberts found the ALJ properly considered claimant's medical records and claimant's own description of his limitations in making the RFC assessment.  (*Id.*, at 18).  Judge Roberts also found the ALJ's decision on a fully and fairly developed record.  (*Id.*).  Thus, Judge Roberts found claimant's assertion that the ALJ erred was without merit.  (*Id.*).

Here, claimant has filed no objections to Judge Roberts' R&R.  Claimant has not identified, therefore, any errors in Judge Roberts' analysis of the ALJ's decision or the

5

medical records. The Court's own review of the record and Judge Roberts' analysis provides no basis to question that the ALJ's decision was supported by substantial evidence on the record as a whole.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Roberts' R&R (Doc. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Roberts' recommendation:

    a. The Commissioner's determination is **affirmed** and judgment will enter in favor of the Commissioner.

**IT IS SO ORDERED** this 19th day of September, 2024.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa